**STATE ex VAN BUREN TWP. BD. OF ED. v OAKWOOD BD OF ED.**

Ohio Appeals, 2nd Dist, Montgomery Co.

No. 1467. Decided Feb. 2, 1938.

Nicholas F. Nolan, Prosecuting Attorney, Dayton; Edward E. Duncan, Asst. Prosecuting Attorney, Dayton; Knepper, White & Dempsey, Columbus, for relators.

W. M. Matthews, Dayton; F. D. Schnacke, Special Counsel, Dayton; Hon. E. F. Snediker, for respondents.

**OPINION**

By BARNES, PJ.

On June 25, 1937, relator filed its petition against the respondents, seeking a mandatory writ requiring the Board of Education of Oakwood City School District of Montgomery County, Ohio, to levy a tax and to do and perform all necessary acts and things for the payment of $100,525.02 claimed indebtedness, as set forth in the petition.

On June 29, an alternative writ was allowed, the same being signed by one judge of this court.

On July 28 following, respondents filed motion directed against the petition and on the same day also filed a demurrer, one ground of the demurrer being general, that the petition does not state a cause of action.

Separate sets of briefs have been filed by all counsel of record on both the questions raised by the motion and the demurrer.

In the brief of counsel for the respondents relative to the demurrer, it is requested that action be deferred until motion to reform has been disposed of.

Counsel for relators argue that the motion attacking the petition may not be considered by this court for two reasons:

1. By reason of §12292 GC, wherein it is provided that on the return day of an alternative writ (referring to alternative writ of mandamus) or such further day as the court allows, the defendant may answer as in a civil action; or if the writ be allowed by a single judge, he may demur.

2. The claim is made that the respondents, by filing a general demurrer, waive their right to file any motion directed to the petition.

Counsel for respondents seek to justify their methods of procedure on two grounds:

1. That if under the specific language of §12292 GC, respondents' pleadings are limited to answer or demurrer, and the court should so determine, there will be no default.

2. That by filing both motion and demurrer and the accompanying briefs, the final determination of the cause would be brought to an earlier decision.

We think the rule is well established that a defendant by pleading over waives all questions which might be raised by motion. Likewise, where a general demurrer is submitted and decided adversely to the demurrant. There are some authorities supporting the

proposition that the rule may be extended to cover the situation in the instant case.

We think the better practice for counsel desiring to attack the petition, both by motion and demurrer, █ is to seek and obtain a stipulation signed by all counsel of record, agreeing to this method of procedure. There would be little, if any, difficulty in securing such an agreement since the stipulation would generally hasten the final determination of the cause. This is particularly true in our court, where our sessions are from four to nine months apart.

In the absence of any agreement or stipulation, we think the matter rests in the sound discretion of the court.

It is always preferable so far as possible to have the issues well defined, and frequently motions directed to the pleadings are of substantial assistance. We will consider the motion, unless precluded from so doing under the provisions of §12292 GC.

Notwithstanding the language of the above section, we are of the opinion that the court in the exercise of sound discretion has the in- █ herent right to consider and determine motions directed to the pleadings. By so doing it may happen that the issues will be defined in advance so as to aid in the orderly processes of the trial, without injuring the cause of the litigants.

Before deciding the motion it is necessary to have in mind the substance of the petition.

The first and second paragraphs of the petition identify the parties designated as relator and respondents.

In the third paragraph it is alleged that prior to July 8, 1926, Oakwood was a duly incorporated village and remained such until the census of 1930, when, by reason of its population, it became a city, the territory of which, together with such territory as was attached for school purposes, became and constituted the City of Oakwood School District, Montgomery County, Ohio.

Under the fourth paragraph it is alleged that prior to July 8, 1926, the Van Buren Township Rural School District consisted of territory lying within the limits of said Van Buren Township, except portions detached or attached for school purposes. That the property situated within the limits of Van Buren Township Rural School District had a total valuation for taxation purposes of $18,342,090.00.

In the fifth paragraph it is alleged that on the 8th day of July, 1926, the Village of Oakwood duly annexed to said village a certain portion of the territory of the said Van Buren Township lying on the southerly side and contiguous to said village; that the property within such territory so annexed to said village became by operation of law a part of Oakwood Village School District, and the property so annexed had a total valution for taxation purposes of $2,579,410.00.

The sixth paragraph of the petition alleges that prior to July 8, 1926, the relator school district had duly issued and sold valid bonds of said Van Buren Rural School District, so that on said date the bonded indebtedness of said rural school district was in the sum of $714,971.69. That said amount of $714,-971.69 was the valid and existing indebtedness of said Van Buren School District, and that by such annexation the said Oakwood Village School District and its successor, now the Oakwood City School District, obtained 14.06% of the taxable property theretofore belonging to relators and thereby said Oakwood Village District was compelled by law to assume and pay $100,525.02, the same being 14.06% of said indebtedness, and was compelled by law and should have levied an annual tax for the payment of same.

In the seventh paragraph of the petition the allegation is made that prior to the 16th day of November, 1936, under the authority and provisions of §274 et seq, GC, Ola P. Gunckle, one of the State Examiners of the Bureau of Inspection and Supervision of Public Offices of the State of Ohio, made an examination and on said 16th day of November, 1936, duly filed a report of

such examination made of the Van Buren Township School District, Montgomery County, Ohio, and on said annexation of said territory to the Oakwood Village, as aforesaid, a portion of which report was as follows:

Then follow more than three pages of tabulations, purporting to be copied from the examiner's report. This tabulation contains detailed information as to the total values of property originally in relator district, and total value of property transferred. Also days, and dates and amounts of bond issues carried out to a 14.06% as Oakwood's share, totalling the amount as set forth in paragraph six. The tabulation carries through year by year and sets out the total as being past due on the date of the report and in subsequent pages tabulates the bonds and interest coming due up to and including the year 1950.

In the eighth paragraph of the petition it is alleged that immediately after the 8th day of July, 1926, the Board of Education of relator district demanded that said Oakwood Village District pay its proportionate share of said indebtedness of the Van Buren Township Rural School District. That the then duly designated official legal advisers of said relator district and the said respondent district incorrectly informed and advised the respective boards of education that the law did not provide for the assumption and payment of such 14.06% of said indebtedness. That the respective boards of education of said school district believed said advice and relied upon the same as being the law at that time in this state with relation thereto, and for that reason on account of the mistake and in consequence thereof relator made no further demand, and relator did not know of said mistake or of the incorrectness of the information of said legal adviser until the 16th day of November, 1936, when the State Examiner of the Bureau of Inspection and Supervision of Public Offices made and filed its report together with the findings therein.

In the ninth paragraph it is alleged that no part of said balance from the Oakwood School District, amounting to the sum of $100,522.02, has been paid.

In the tenth and last paragraph, it is alleged that the Board of Education of the Oakwood City School District has wholly failed, neglected and refused and still refuses to pay such indebtedness and to levy a tax as provided by law for the payment thereof.

Thereafter follows the prayer, which is heretofore set out in substance.

Relator's motion, omitting the formal parts, reads as follows:

"Now comes the respondents and move that the relator be required to separately state and number the causes of action as to the portion of the alleged indebtedness now allegedly past due, and as to a separation of the alleged indebtedness allegedly to become due thereafter."

"Respondents further move that if the foregoing motion be overruled that the relator be required to make the petition more definite and certain by setting forth therein whether or not there was any real estate, or property used for school purposes within the territory annexed to the City of Oakwood, on or about the 8th day of July, 1926."

"Respondents further move that the relator be required to strike from the petition the following portion thereof: 'Beginning with the last paragraph of page 2 of the petition and continuing through pages 3, 4, 5 and the first paragraph on page 6, being the allegations in reference to a certain report, and a copy of said report.'

"Respondents further move that relator be required to strike from the petition the following portion thereof: Beginning with the words, 'that the within duly designated official advisers of said Van Buren Township Rural School District, etc.', and continuing through the remaining portion of said paragraph."

At this point it will be helpful to present the sections of the Code under which relators claim the obligation of

respondents arises. **Sec. 4690 GC**, reads. as follows:

"**4690. Title to property when territory annexed to city or village.** When territory is annexed to a city or village, such territory thereby becomes a part of the city or village school district, and the legal title to school property in such territory for school purposes shall be vested in the board of education of the city or village school district. Provided, however, if there be any indebtedness on the school property in the territory annexed, the board of education of the city or village school district, shall assume such indebtedness and shall levy a tax annually sufficient to pay such indebtedness and shall pay to the board of education of the school district or districts from which such territory was detached, the amount of money collected from such levy as it becomes due."

This section of the Code has been construed from time to time and the cases pertinent to the present issue will be referred to later. Counsel for respondents urge that since the motion is not separated and numbered, it must be considered as a whole and not by separate paragraphs. We ▮▮▮▮▮▮ think the separate paragraphs clearly indicate that they each refer to a separate distinct question, and may properly be considered separately, although not numbered.

The first paragraph of the motion requests that the relator be required to state and number the ▮▮▮▮▮▮ causes of action so as to set out the portion of the alleged indebtedness past due and the portion to become due hereafter. This data .clearly appears from the copy of the tabulation of the examiner set forth in full through several pages of the petition. It is apparent that respondents' purpose in requesting that these two portions of the claim be set out as two causes is to afford respondent the opportunity of demurring and raising the question of the Statute of Limitations in two different ways. This

is not a proper predicate in .support of the motion to separately state and number. Relator, in its petition, intends to set forth only one cause of action. The cause of action arises through the action of the Village of Oakwood in annexing and taking from Van Buren Township certain property belonging to the relators' district. When this was done §4690 GC fixed the liability. It would not necessarily follow that the entire amount would be due and payable at once. The last few lines of the section provide that payment shall be made "as it becomes due." The tabulated pages, as copied from the examiner's report, would indicate that various amounts became due from year to year, and the full amount will not be due until 1950. The Statute of Limitations may or may not apply in the instant case, but if so the particular question will have to be raised by answer. Some phases of the question are being raised by demurrer, which was filed simultaneously with the motion. This part of the motion will be overruled.

The second paragraph is an alternative request and asks that relator be required to make the petition more certain and definite by setting forth therein whether or not there was any real estate or property ▮▮▮▮▮▮ used for school purposes within· the territory annexed to the City of Oakwood. This request directly invokes a construction of §4690 GC. Specifically it refers to the words "school property" as used in the section. It is the contention of counsel for respondents that the term "school property" used in the section refers to the physical property used for school purposes, whereas counsel for relator contend that it refers to the taxable property within the school district. It goes without saying that the words were not carefully selected. However, the exact question has been decided by the Supreme Court of Ohio and hence we do more than refer to this decision, being case of **State ex Board of Education of South Zanesville Village School District v Bateman et Board of Education of Zanesville City School District et, 119 Oh St 475.** This

cited case in syllabi 1 and 2 construes §4690 GC, in effect that the school property referred to in the proviso part of the section will be the property within the district subject to taxation. This part of the motion will be overruled.

The third paragraph of the motion is a motion to strike and reads as follows:

"Beginning with the last paragraph on page 2 of the petition and continuing through pages 3, 4 and 5 and the first paragraph on page 6, being the allegation in reference to a certain report and a copy of said report."

Counsel for relator in their opening brief in support of the motion make objection that this part of the motion should be sustained for the reason that the copy of the examiner's report is irrelevant detail and nothing more than evidence. In their reply brief, five additional reasons are set forth, being numbered from 1 to 5, inclusive. For the purpose of clarity of understanding we set out the claims in full:

"1. In order for a cause of action to be grounded on any claim against a defendant under a report filed in pursuance of §286 GC, and its related sections, the defendant must have received or be holding, the moneys sought to be recovered or collected."

"2. Neither a quasi-contractual obligation for reimbursement, nor a suit to enforce the assumption of existing indebtedness, comes within the purview of §286 and its related sections."

"3. The report pleaded is not within the purview of §286 et seq, because audit reports authorized by those sections, which relate to the recovery of moneys expended by the public office under examination, are limited to illegal expenditures of public monies, and the Van Buren District did not act illegally in paying its own bonds."

"4. The report filed on November 16, 1936, is not within the purview of §286 and its related sections, because the examination covered by that report was not made within the two year period provided for in §284, and is based on a re-examination of accounts previously examined."

"5. A mandamus action to enforce the assumption of indebtedness or the levy of taxes is not such a suit as is contemplated by §286 et seq, which is a civil action 'for money only'."

A sixth ground is mentioned in counsels' brief in support of the demurrer. This added reason is in effect the claim that the purpose of §286-1 et seq, is to cover money illegally expended and first discovered through the report of the examiner. While counsel for respondents, in their brief, discuss separately the six numbered reasons, we shall not, in view of the fact that they are so closely related, attempt to follow the reasons as numbered.

In support of this branch of the motion we are referred to the case of The Trustees of Ottawa Township v Ottawa (November 6, 1935) 4 OO 452. The point of similarity between the reported case and the instant case is in the fact that in both cases the actions followed a report of a state examiner. In the Ottawa case the Village of Ottawa sought to recover a judgment in the sum of $700.82 from the Township Trustees of Ottawa Township by reason of the village authorities having paid out this sum for poor relief to the residents of the village, which, it was alleged should have been paid by the Board of Trustees of Ottawa Township. The examiner so found and made his report accordingly. The action was brought on the examiner's report. In the Common Pleas Court the plaintiff recovered. This judgment was reversed in the Court of Appeals on the ground that no right of action was shown against the defendants. The reasoning of the court is set forth in the first syllabus as follows:

"Where a village has made relief payments to individuals, which payments it was not in law authorized to make and which relief should have been granted by the board of trustees

of the township, such payments do not render the board of trustees liable to the village for the amount of such payments in an action by the village brought under the provisions of §§286 and 286-1 GC, although suit under such action might be maintained against the individuals to whom the illegal payments were made."

We are unable to conclude that this reported case is applicable or helpful.

Reference is also made to the case of State ex Maharry, 97 Oh St 273. The excerpts from the opinion taken from the cited cases are pertinent to the facts there under consideration, but can not be given a construction that the language there used would necessarily be applicable in the instant case.

Counsel in their brief make the repeated and constant claim that in order to come within the purview of §286 et seq, the examiner's report must state that money has been illegally paid to the Oakwood District or that it received illegal payments and is now holding such illegal payments. Of course, if §286 is limited as claimed, then the report of the examiner in the instant case would be going beyond the authority contemplated under the Code. This claim or contention requires a careful examination of said §286 GC. This section is very long and is separated under capitalized headings. The second heading is as follows:

"Collection of amounts found due by bureau; officer authorized to institute proceedings; employment of counsel; attorney general shall be notified of the filing and progress of action; when attorney general may bring action."

The first part of this section under the above heading reads as follows:

"If the report sets forth that any public money has been illegally expended, or that any public money collected has not been accounted for, or that any public money due has not been collected, or that any public property has been converted or misappropriated, the officer receiving such cer- tified copy of such report, * * * cause to be instituted * * * civil actions in the proper court * * * for the recovery, etc." (The emphasis is ours).

The emphasized portion of the above quoted part of §286 seems to completely answer the argument that this section is limited to money illegally received or held. We hold that the report of the state examiner comes within the purview of §286 GC.

Touching the claim that the examiner's report is irrelevant and improper pleading of evidence, we again refer to §286-1 GC, wherein it is provided that in an action predicated upon an examiner's report it shall be sufficient for the plaintiff to allege in the petition so much of the report of the bureau, etc., as relates to the claim against the defendant. This section further advises that it shall not be necessary in such petition to separately state and number any separate causes of action. Also provides that the finding or such report on whatever claim or circumstances based, being considered for that purpose as constituting a single cause of action. Further the plaintiff would not be required to set forth in the petition any other or further matter relating to such claims.

This provision of §286-1 authorizes the pleading in the form set out in the petition.

It is argued at length that the report is improperly pleaded for the reason that §284 GC, provides that examination shall be made at least once in every two years, and hence it will be assumed that regular reports have been made since July 8, 1926. It is argued that the scope of any writ or remedy under said §284 should be limited to the first report filed within two years following the transfer of the territory.

It it our conclusion that this provision of the section is merely directory and for the purpose of placing an obligation on the bureau to arrange for regular examinations at fixed periods. The mere fact that an examination was not regularly made or if made, the particular matter set forth in the present report was not discovered or re-

turned, would not have the effect of preventing the report in a subsequent examination.

The motion to strike the last paragraph on page 2 of the petition and continuing through pages 3, 4 and 5 and the first paragraph of page 6, being the allegation in reference to the report of the examination and a copy of such report, will be overruled.

The last paragraph of the motion asks that certain allegations of the petition be stricken therefrom. The language sought to be removed is referred to in the motion as follows: "that the then duly designated official advisers of said Van Buren Township Rural School District, etc.," and continuing through the remaining portion of said paragraph. We assume that the purpose of this allegation in the petition is to meet any inference of laches that might arise through the long delay in bringing the action. Since an action in mandamus is an action at law, it is extremely doubtful if the explanation would have any effect on the running of the statute. In actions at law the statutes of limitation are always applied. In equity actions courts use the term laches. In considering the question the statute of limitations is given consideration, but likewise reasons are considered why the bringing of the action may have been delayed. The Supreme Court has stated that while an action of mandamus is an action at law, it also has equitable features.

While not free from doubt, we have concluded to permit this allegation of the petition to remain and will give the question further consideration on the hearing on the merits, if it becomes important, which is doubtful.

Respondents' motion will be overruled in its entirely.

Exceptions will be allowed.

We now pass to a determination of the demurrer in this same opinion.

### DEMURRER

This opinion on the demurrer, being returned with the opinion on the mo-

tion, will not now require an extended statement of facts.

We refer to the first part of the opinion on the motion for the necessary facts.

Respondents' demurrer is as follows:

"1. That several causes of action are improperly joined.

"2. The action was not brought within the time limited for the commencement of such actions.

"3. That the petition does not state facts which show a cause of action."

We will take up these separate grounds of demurrer in order.

Much of counsel for relators' brief, in discussing the first ground of demurrer, follows the same reasoning as advanced on the first ground of motion to have separate causes of action separately stated and numbered. If this first ground of demurrer is based solely on the identical question presented through the motion, it must be overruled on the authority of the case of **Township of Hartford v Bennett, 10 Oh St 441**, first syllabus:

"1. A pleading under the code, which sets up two or more causes of action, or two or more defenses, but omits to separately state and number them, is not for that reason demurrable. The irregularity can be reached only by motion."

We have considered this question on the motion and determined adversely to the relators.

We will consider the demurrer on the broader ground that the claim is being made that several causes of action are improperly joined.

While the petition does not purport to set out more than one cause of action, counsel for respondents claim that the portion of the 14.06% of the indebtedness of the Van Buren Township School District outstanding on July 8, 1926, which has been paid by that district since that date is an independent cause of action, and that the claimed obligation of the Oakwood School Dis-

trict to assume and pay in the future the 14.06% of the indebtedness which still remains unpaid, is a separate and distinct cause of action.

The argument is made that the past due installments may not be the subject of mandamus, but if any remedy exists it is purely an action at law for money judgment. In addition, the claim is made that an action in mandamus may not be joined with an action at law.

We think the complete answer to this argument is that plaintiff is not attempting to bring an action at law. Its claim is that the entire right of action is a predicate for a writ of mandamus. We are not now determining whether or not this position of plaintiff is well grounded. In the final hearing it may be determined that plaintiff is entitled to all the relief sought, or ██ only in part, or not at all. This first ground of the demurrer will be overruled.

**Second Ground of Demurrer:** This second ground of demurrer raises the question of the statute of limitations.

Sec. 11222 GC is relied on as the applicable section of limitation. This section reads as follows:

"11222. **Contract not in writing.** An action upon a contract not in writing, express or implied, or upon a liability created by statute other than a forfeiture or penalty, shall be brought within six years after the cause thereof accrued."

That the statute of limitations is applicable in actions in mandamus is clearly determined in **State ex Board of Education of Springfield City School District v Gibson, County Auditor, 130 Oh St 318.** In the reported case the relator was seeking a mandatory order against respondent, as county auditor, requiring him to issue his warrant on the treasurer of Athens County for the payment of money claimed to be due for tuition of children originally from this county but who, during the time covered by the petition, were residents of the Knights of Pythias, Oddfellows and Masonic homes located within the limits of the Springfield City School District. The period covered was from 1919 to 1933, both inclusive. Respondent's answer admitted the liability for the school years 1929 to 1933, inclusive, but denied relator's right to recover for 1919 to 1928, both inclusive, on the ground that the cause of action for those years did not accrue within the six years next before the commencement of the suit, and therefore was barred by the statute of limitations. Relator's reply denied the application of the statute of limitations on the ground that the school board was an agency of the state, and that the statute should not run against the state. The Supreme Court held adversely to the relators, thus giving the statute of limitations full application.

In the reported case the question of the statute of limitations was raised by answer and not by demurrer. It could not have been raised properly by demurrer, because the statute of limitations was not applicable to the entire claim. Demurrer on the ground that the cause of action is barred by limitation of law will only be sustained when it is apparent that the entire action was barred. In support of this principle of law reference is made to the case of **Osborn, Admr. v The Portsmouth National Bank, 61 Oh St 427,** Syllabus 1.

"1. To warrant the sustaining of a demurrer to a petition on the ground that the cause of action is barred by the statute of limitations, the petition must show on its face that the whole cause of action is so barred. If the petition is silent as to time, as to any separable part of the cause of action, the demurrer should be overruled."

Counsel for respondents do raise the question that the cause of action in the instant case arose, if at all, in July, 1926, that being the date when the Village of Oakwood annexed the territory from Van Buren Township. This contention is possibly inconsistent with the former claim that there are two causes of action set forth. Probably counsel

are saving all their questions, which they have a perfect right to do. Under the facts set out in the petition it is not inferable that the entire amount was due and payable July 8, 1926. By operation of law the amount was assumed by the Oakwood Village School District as of that date, but the date and time of payment would be at the time when the indebtedness would fall due. **Sec. 4690 GC** so provides. We quote the applicable portion:

"shall assume such indebtedness and shall levy a tax annually to pay such indebtedness, and shall pay to the board of education of the school district or districts from which such territory was detached, the amount of money collected from such levy as it becomes due."

That the statute of limitations will be applicable to certain portions of the past due installments is apparent if the reported case of **State ex Board of Education of Springfield City School District v Gibson, County Auditor, 130 Oh St 318**, supra, is applicable.

As to whether or not the cited case is controlling, depends upon the provisions of §286-3 GC. This section reads as follows:

"**286-3. When cause of action deemed to have accrued.** No cause of action on any matter set forth in any report made under authority and direction of §286 GC, shall be deemed to have accrued until such report is filed with the officer or legal counsel whose duty it is to institute civil actions for the enforcement thereof, and all statutes of limitations otherwise applicable thereto shall not begin to run until the date of such filing."

The Court of Appeals of the First Judicial District, in the case of **State ex Campbell, Prosecuting Attorney v Ballard, 8 Oh Ap 44**, construed the above section and other sections within the same act, in 1917. The decision was by Gorman, J., and evidenced great thought and study. It was there held that the Legislature, through the enactment of §§286 et seq., created a new right of action and also provided a new remedy; further, that the statute of limitations would not run under a right of action brought to recover money on a report of an examiner until the filing of such report. This case is to be distinguished from that of **State ex Springfield v Gibson, County Auditor, 130 Oh St 318**, in that in the Springfield case the action in no sense was predicated or based on the report of an examiner. It is not necessary at this time to determine whether or not we will follow the Hamilton County Court of Appeals decision in its entirety. The demurrer raising the question of the statute of limitations is not well grounded.

The third and last ground of demurrer raises the question as to the sufficiency of the petition.

Before considering respondents' specific argument in support of this ground of demurrer, we again call attention to the case of **State ex Board of Education of South Zanesville Village School District v Bateman et, Board of Education of Zanesville City School District et, 119 Oh St 475**. The above cited case is apparently identical in its facts and form of action (mandamus), except the statement of facts does not disclose any delay in bringing the action, or that it was grounded on a finding and report of a state examiner. In other words, if the action in the instant case had been brought immediately following the annexation of the territory in 1926, and was not in any sense grounded on a report of a state examiner, the two cases would be identical in their facts except as to location and amounts. In the reported case the mandamus action was brought originally in the Supreme Court and the writ was allowed. The issue was raised by demurrer, the same as in the instant case. The question therefore arises whether or not the instant case is to be distinguished by reason of the long delay in bringing the action and the further fact that, in a measure, it is grounded on the report of a state examiner. It is hard to see how these distinguishing facts would make the petition demurrable.

Counsel for respondents, in their brief, set out five separate reasons in support of this ground of demurrer. We will now present and discuss each of these reasons.

"1. The petition does not allege facts which show that the Oakwood School Board would have the legal duty (or even the legal authority) to pay the $100,525.02 or to levy taxes for the payment of any part thereof."

Under this heading the well recognized rule is stated, together with citations in its support, that mandamus will not be awarded except to require a public officer to perform a purely ministerial act, which is his clear, legal and mandatory duty to perform and where no discretion on his part is involved in its performance or non-performance. Attention is also called to the provisions of the **Ohio Constitution, Art. 12, Sec. 2**, wherein is placed a ten mill limitation on tax rate within a subdivision, except when authorized by a majority of the electors of the taxing district. Also **§2293-15 GC** is referred to, which places a legal limit on the net indebtedness of a school district without a vote of the people and the consent of the Tax Commission of Ohio. It is the claim of counsel for respondents that the petition should allege that it is within the power of the respondents to levy taxes within the limits of the **Constitution of Ohio** and **§2293-15 GC.**

We recognize that taxing authorities in making up their budgets, may not exceed the limits prescribed by law. It probably is fair to assume that the rate limit would prevent the levying of tax so as to pay off the entire claim of $100,525.02 in any one year. Possibly and probably this same assumption would apply to the $56,524.47, which counsel speaks of as overdue indebtedness. We think it is fair to say that respondents have been derelict in their duty in not making annual levies, commencing in 1926 or 1927, and continuing down to the present time so as to have been in position to make the payments when due. Under the provisions

of **§4690 GC** as construed by the Supreme Court in 1928, this was a fixed duty. The obligation to provide for these payments was on the same plane as other fixed charges which were necessarily taken into consideration in making up their budgets.

When the Village of Oakwood annexed the territory formerly belonging to Van Buren Township, it added to its tax duplicate according to the petition a valuation of $2,579,410.00. Having taken the property under authority of law, arrangements should be made to pay the obligations fixed by law. The statement is made that the annexing of the territory was the act of the village and not of the school board. Territorial limits of the village were the same as those of the Village of Oakwood. When the additional territory was annexed to the village, by operation of law it was also annexed to the village school district. The citizenry of both were the same.

The relief sought we think contemplates annual levies and payments. Had relator attempted to include in its petition the listing tax rate of the Oakwood Special School District, it could have stated no more than the current rate, for one year. New budgets are made up each year. Before this case is decided, new budgets will be made up and new rates fixed. The reasons set forth under paragraph 1 are in our judgment not sufficient to support the demurrer.

Reason No. 2:

"2. The petition does not allege that relator's claim has been reduced to judgment and that the judgment remains unpaid."

This raises the question as to whether or not judgment is a requisite to an action in mandamus under the allegations of the petition in the instant case.

There are instances in which a judgment against a subdivision are a prerequisite to the issuing of a writ of mandamus. We do not think this rule applies in the case at bar. Under **§4690 GC** the duty is fixed by law. This

section expressly says that where there is indebtedness the board of education of the school district shall assume such indebtedness and shall levy a tax, etc. We again refer to the case of State ex Board of Education of South Zanesville School District v Bateman et, Board of Education of Zanesville City School District. In the reported case mandamus was held to be the appropriate remedy. Placing the claims in judgment would add nothing.

Reason No. 3:

"3. The petition does not allege and show that other remedies are inadequate."

An action in mandamus is an extraordinary remedy, and the writ will not issue where it appears that other remedies are adequate. We do not understand that this conclusion must be alleged in the petition, but it is sufficient if it appears from the petition as a whole that mandamus is the proper remedy. Again referring to §4690 GC, it is provided therein that the obligation is fixed by law and the duty of the board of education to levy a tax is fixed by law.

Reason No. 4:

"4. No right to mandamus is alleged to that part of the claim which is for $56,524.47 of the overdue indebtedness; it appearing from the petition this amount was paid and adjusted by the Van Buren District during the eleven years from 1926 to 1936, inclusive, and that the time has expired for making the annual tax levies contemplated by §4690 GC."

Of course, the primary obligation for the payment of the bonds was on the Van Buren Township School District. The holders of the bonds would look to the district issuing the bonds for payment. We are unable to follow the argument that the Oakwood School District should be relieved of payment simply because they failed to make up the annual tax levies and pay as contemplated under §4690 GC. Whether or not any part of this amount spoken of

as overdue indebtedness is barred by the statute of limitations, will have to be determined on final hearing. Regardless of this question, demurrer will not lie, if under the petition relator is entitled to relief on any amount. **Township of Hartford v Bennett, 10 Oh St 441.**

Reason No. 5:

"5. The petition does not allege that any property used for school purposes was transferred to the Oakwood District and does not allege the amount of indebtedness on such property."

This question is directly passed on adversely to demurrant in the case of State ex Board of Education of South Zanesville Village School District v Bateman, et, Board of Education of Zanesville City School District, et.

Reason No. 6:

"6. The prayer of the petition is defective for indefiniteness."

Counsel for respondents, in their reply brief, withdraw this objection.

The demurrer to the petition will be overruled.

Respondents may answer within twenty days.

HORNBECK, PJ. & GEIGER, J., concur.