### STATE, Plaintiff Appellant, v. HOUSE et al., Defendants Appellees.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 19423. Decided Jan. 17, 1944.

ROSS, P. J., MATTHEWS, J., & HILDEBRANT, J., of the First District, sitting by designation.

Thos. J. Herbert, Atty. General, Columbus, Homer H. Marshman, Asst. Atty. Gen., Columbus, for plaintiff appellant.

Squire, Sanders & Dempsey, Cleveland, for defendants appellees.

## OPINION

By ROSS, P. J.

The trial court sustained a demurrer to the amended petition based upon the statute of limitations and rendered final judgment for the defendants; the plaintiff not desiring to plead further. From this judgment the plaintiff has appealed to this court upon questions of law.

The action as defined in the amended petition is brought to require the trustees of a pension fund to account for the dissipation of that fund by reason of their dereliction to duty as trustees of the fund.

Allegations appear in the amended petition charging the trustees with specific acts, in violation of their obligation as trustees, occurring between May 20, 1930 and March, 1933. The prayer is for an accounting and that the court settle the ac-

counts between the trustees and the plaintiff and for such further relief as the court may find just in the premises.

In the amended petition in which the Superintendent of Banks is the plaintiff it is alleged that he is the assignee of all right, title and interest in the retirement fund, its successor trustees and beneficiaries and that the rights, claims and demands of such parties against the defendants have been assigned to him.

It is further alleged that The Guardian Trust Company instituted and created such so-called Pension Fund, later called a Retirement Fund, as an express trust for the sole benefit of its employes; that the legal title thereto was vested in a Board of Trustees and that the defendants were continuously trustees of such funds from January 21, 1930, until May 11, 1933.

It is evident from the allegations in the amended petition that the trust, as such, has ceased and that the plaintiff, as assignee of all interest in the funds and the rights of the beneficiaries, is in a position to require an accounting from the defendants as trustees for the period specified in the pleading.

It is evident, therefore, that this is not an action to require an accounting from trustees of a subsisting and continuing trust, but is an incident to the liquidation of the trust res and the satisfaction of the claims of the beneficiaries against the corpus of the trust. The jurisdiction of the trustees defendants over the res of the trust terminated according to the amended petition on May 11, 1933, which is the latest date on which the cause of action alleged could be predicated.

The statute would cease to run upon the filing of the orifinal petition and securing service upon the defendants. §11230 GC.

The amended petition is not verified, hence no date appears indicating when it was signed. The filing date stamped upon the petition is not a part thereof.

It is to be remembered that the defense of statute of limitations is raised by a demurrer. Only the demurrer and the face of the pleading, in this case the amended petition, may be considered in determining whether or not such time has elapsed before service of summons of the original petition as will justify the conclusion that an applicable statute of limitations bars the action stated in the amended petition.

**State ex rel Van Buren Township v Oakwood Board of Education, 32 Abs. 367;**

31 O. Jur. 695;

25 O. Jur. 638.

The court may not look beyond the face of the amended

petition to the petition, to the journal of the court, nor to the return of the summoms. The amended petition does not show on its face that any statute of limitations has run against the cause of action stated therein.

Now it appears from the briefs of counsel that this phase of the matter has not been considered; on the contrary, the plaintiff appellant states in his brief:

"All these breaches of trust were committed prior to May 11, 1933 (this was the date when the defendants ceased to act as trustees). Suit was bought by the plaintiff on November 30, 1942, more than four years but less than ten years after the breach of trust."

It may be presumed that service was made upon the defendants shortly after filing the original petition. The defendant appellees accept these facts also as a predicate for their argument that the action was properly dismissed. Under such circumstances it may properly be considered that the parties have agreed that the matter was presented to the trial court rather upon a motion to dismiss the action by reason of the running of the statute, rather than upon strict demurrer and this court acquiesces in such presentation. **31 O Jur. 677.**

No bill of exceptions is necessary, the facts not being in dispute and only a question of law being presented.

First, it is the claim of the plaintiff appellant that the action stated in the amended petition is one in equity and that no law action can be involved. This position is not tenable. If the trust were still operating and in existence, continuing and subsisting, this might be true. The trust has ended, the trustes have resigned, the creator of the trust is in process of liquidation, the plaintiff is the successor to the rights of the trustees and the res is now in his hands, for distribution to those who are entitled to share therein. The trust is wholly dead, except for the purpose of determining the rights of those interested therein in the res. There are now no employees of The Guardian Trust Company. That institution is defunct. So that this court is not concerned with dereliction in the operating of an existing and subsisting trust which it may be admitted was an express trust when active.

Such being the case, both legal and equitable causes of action may be involved and both courts of law and chancery may entertain jurisdiction of appropriate actions.

In **Nordin v Coulton, 142 Oh St 277** it is stated in the syllabus:

"1. The nature of a case is determined from the pleadings and the issues presented.

2. It is equitable, if it is necessary to determine first whether the plaintiff is entitled to equitable relief before legal redress can be granted; but if the primary or paramount relief sought is legal and the equitable redress merely incidental, it is an action at law."

What is the "primary or paramount" relief sought in the amended petition? Obviously the recovery of certain sums of money from the defendants through which it is sought to replenish the res of the trust, depleted through the derelictions of the defendants as trustees. The intervention of equity is only sought to ascertain the amount due from such trustees.

In **LaBounty v Brumbach et al, 126 Oh St 96,** it is stated in the sylabus:

"1. An action for a money judgment with a prayer for an accounting, is an action at law. The amount of money due from the one to the other, is the paramount issue, and the accounting is a mere incident. The chancellor searches the minds and conscience of the litigants, in order to develop the facts; while the law side of the court strikes the balance and renders judgment."

See also: Harlow, Guardian etc., v Hochn et al, 17 O.C.C. (n.s). 484.

It is true that the plaintiff in his amended petition avoided directly asking for a specific sum of money as he did in his original petition, but the effect is the same. He asks that the amount due from the defendants be ascertained and for further relief. What further relief? Naturally, a judgment for the amount so found due.

This conclusion requires the application of §11224, **GC,** the so-called four-year statute, the instant action being for "an injury to the rights of the plaintiff, not arising on contract nor hereafter enumerated."

The "ten-year statute" §11227 **GC** is eliminated from application, of course, by the applicability of the "four-year statute", §11224 **GC.**

The scholarly analysis by the plaintiff of the historical

development of the two statutes is rendered irrelevant by the necessary conclusion that the action stated in the amended petition is one at law and not in equity.

For the reasons given, therefore, the judgment of the common pleas court, in sustaining an attack upon the amended petition, based upon the application of the "four-year" statute of limitations, is affirmed.

MATTHEWS, P. J., HILDEBRANT, J. concur.